United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-11249
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO QUINONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-239-25-A
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Ricardo Quinones appeals his sentence imposed after his guilty plea conviction for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and § 846.

Quinones argues that the sentencing court erred when it used cash that was found in his residence to approximate drug quantity when it determined his sentence. During the investigation leading

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Quinones' arrest, more than $500,000 was seized from Quinones' vehicle and his home. The district court's determination that the cash was proceeds of jointly undertaken criminal activity is supported by Quinones' plea agreement, in which he stipulated that the money was proceeds of drug trafficking. Therefore, the district court did not clearly err when it used the seized cash to approximate drug quantity. See U.S.S.G. § 2D1.1, comment. (n.12); United States v. Johnston, 127 F.3d 380, 403 (5th Cir. 1997).

Quinones also challenges the district court's application of U.S.S.G. § 2D1.1(b)(1) by arguing that the fact that five firearms were found in his master bedroom does not warrant the weapons enhancement. He fails to argue that the weapons were not connected with the offense. The record supports the district court's decision, since undisputed facts establish that five firearms were found in Quinones' residence along with proceeds of drug trafficking, scales, and drugs. Therefore, the district court did not commit clear error when it applied U.S.S.G. § 2D1.1. See United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993).

Quinones also argues that the district court erroneously determined that he committed perjury and therefore erred when it increased his sentence pursuant to U.S.S.G. § 3C1.1, the obstruction of justice guideline, and denied him an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Although the district court made repeated findings on these issues during the sentencing hearing, Quinones failed to object and failed

2

to present the arguments that he now presents to this court. Therefore, these issues are reviewed for plain error only. See United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000). Additionally, Quinones argues for the first time in his reply brief that a perjury determination may only be made when the perjury is corroborated by two witnesses. Arguments may not be raised for the first time in a reply brief, and therefore this argument is not considered. See United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

Based on the considerable uncontested evidence contained in the presentence report and elsewhere in the record regarding Quinones' active participation in the conspiracy, and giving the deference due to the district court's credibility findings, see United States v. Sotelo, 97 F.3d 782, 789 (5th Cir. 1996), the determination that Quinones committed perjury during his sentencing hearing when he disavowed knowledge of the cash and weapons that were stashed in his home is not error, plain or otherwise. Moreover, the district court's finding that Quinones intentionally provided false testimony on a material issue with the intent to persuade the court to lower his sentence provided the requisite elements of a perjury determination and therefore warranted application of the obstruction of justice guideline. See United States v. Cabral-Castillo, 35 F.3d 182, 186 (5th Cir. 1994) (the district court's finding is sufficient if it encompasses the factual predicates for perjury).

Quinones also contests the district court's decision not to apply U.S.S.G. § 3E1.1, which provides for an offense level reduction if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Conduct resulting in an enhancement for obstructing justice ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct, although both adjustments may apply in "extraordinary" cases. U.S.S.G. § 3E1.1, comment. (n.4). The district court's conclusion that Quinones did not fully accept responsibility for his crime because he lied about possessing cash and weapons, when in fact he did possess cash and weapons, is not error, plain or otherwise. See United States v. Lugo-Abundis, 897 F.2d 171, 172 (5th Cir. 1990) (affirming refusal to grant acceptance of responsibility adjustment when sentencing defendant for marijuana offense when defendant denied knowledge of the presence of drugs).

The district court's judgment is therefore AFFIRMED.

4